

U.S. Department of Justice

United States Attorney
Middle District of Tennessee

---

Suite A-961                                    Telephone (615) 736-5151
110 9th Avenue South                              Fax (615) 736-5323
Nashville, Tennessee 37203-3870

November 22, 2011

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, Tennessee 37203-4323

Re:     Supplemental Discovery in the matter of <u>United States v. Matthew Paul DeHart</u>
        Case No. 3:10-cr-00250 (U.S.D.C. M.D. Tenn.)

Dear Ms. Hodde,

I am writing in response to your letter of July 25, 2011, requesting additional discovery. I apologize that this has taken longer than expected, which is the result of the time required to complete the forensic report, the efforts to get copies of all relevant electronic evidence from Indiana (which are still in progress), and my heavy caseload. Although I have not been able to respond in full to all of your requests, I will continue to work to get as much information as possible.

In response to your request for additional discovery, I have utilized your numbering system corresponding to your inquiries and have enclosed a CD with additional discovery material.

A.      With regard to the request to examine the computer and electronic evidence attributed to the defendant that was seized during the execution of the January 25, 2010 search warrant of his home in Indiana, all items or forensic images of them are located in Franklin Police Department in Tennessee with the exception of one external hard drive that I believe is in the process of being transported to the Franklin Police Department. Please see the forensic report for details about these electronic devices (other than the above mentioned external hard drive). Although Det. Kniss examined this electronic evidence and reported on various criminal activity, some of that activity has no connection to this jurisdiction and therefore was not charged here.

B.      Please see the forensic report for information about what electronic evidence was collected, copied, and maintained by the government as it relates to the Tennessee victims.

1.      With regard to the child exploitation case involving victims in Tennessee, Det. Brett Kniss is the only law enforcement officer who has conducted forensic analyses. I have enclosed an electronic copy of his forensic report, although the "Home" link does not appear to be working. No forensic work related to the child exploitation case has been conducted in

Indiana, and I'm unaware of any forensic exams in other states involving child exploitation offenses that have occurred in those jurisdictions.

2.  See enclosed forensic report.

3.  Only two victims in the Middle District of Tennessee have been identified at this time. The enclosed forensic report does make reference to potential victims in Maryland and New York, but no charges have been filed in this jurisdiction related to these out-of-state victims.

4.  With regard to the search warrant executed in Indiana, copies of all electronic evidence of evidentiary value except for the above mentioned hard drive are stored in the Franklin Police Department. I do not know what other items may have been seized but will work to obtain a copy of the inventory.

*   I do not have any reports, evidence, or statements resulting from the arrest of defendant at the Canadian border as he was re-entering the United States. At this time, the government does not intend to use any evidence or statements by the defendant as part of the case in chief for the child exploitation charges lodged against defendant in this district. Not only do I not have any reports, evidence, or recordings relating to the defendant's arrest, I likewise do not have any documentation regarding the details of his detention, visitors, or any other information related to the defendant's incarceration prior to his arrival in the Middle District of Tennessee, other than that provided in previous filings. Furthermore, I do not believe that the circumstances of defendant's arrest in Maine has any bearing on the prosecution of the instant case, other than the fact that the defendant ultimately was arrested on a complaint and warrant originating from this jurisdiction.

5.  I do not have an inventory of items seized from defendant at the time he was stopped at the Canadian border.

6.  I do not have any prepared reports documenting the border stop.

7.  I do not have any recordings from the border stop.

8.  I do not have any reports or recordings documenting defendant's transportation, housing, or questioning from the border to the Penobscot County Jail in Bangor, Maine.

9.  I do not have an inventory of items seized from defendant or logged in as property at the Penobscot County Jail in Bangor, Maine in August of 2010.

10. I do not have any visitation logs, sign-in sheets, or any other documentation tracking inmate visitation or entrance and exit from the Penobscot County Jail in Bangor, Maine.

11. I do not have any reports of interviews of defendant conducted at the Penobscot County Jail in Bangor, Maine. Furthermore, my understanding is that any interviews of defendant in

Maine were about national security matters, and therefore it is unlikely that I could get access to such reports. I do know that defendant was not questioned about the child exploitation case while in Maine.

12. I do not have any visitation logs, sign-in sheets, or any other documentation tracking inmate visitation or entrance and exit from the pretrial detention facility in Portland, Maine.

13. I do not have any reports of interviews of defendant conducted anywhere in Maine.

14. I have enclosed a color copy of the photo line-up of your client in the accompanying CD. According to the investigative report, Detective Brett Kniss made a photo lineup with defendant's picture included. The array was presented to both victims. The first victim (identified in Count One of the indictment) did not recognize any of the individuals in the lineup. He stated that the picture of defendant looked like DeHart but he could not remember that well due to the fact that his meeting with DeHart had occurred approximately two years prior to his examining the array and it had been dark outside. The second victim immediately identified defendant as the individual that he had met on several occasions.

15. Please see the forensic report included on the enclosed CD for relevant evidence relating to the victims in Tennessee, as well as the previously provided text messages and chats.

16. Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically states that the government is not required to provide reports or statements of witnesses except pursuant to 18 U.S.C. § 3500, with which the government will comply. However, I will note, although I do not think it is relevant, that the victim in Count One had deleted "sexting" photograph of at least one minor girl.

17. As I understand the situation, there are no receipts from Fairfield Inn but rather some kind of printout where defendant attempted to get a room and his credit card was refuted. I do not seem to have a copy of the printout but will attempt to find it as quickly as possible.

18. IP information related to the defendant can be found on the accompanying CD.

This information is provided in compliance with, and corresponds to, Standing Discovery Rule 16.01(a)(2) of the Local Rules of Court, United States District Court, Middle District of Tennessee, and Rule 16 of the Federal Rules of Criminal Procedure. Should additional discovery material surface, I will notify you promptly. Please let me know me as soon as possible if you feel anything has been overlooked or if anything appears to be missing. Please sign and return the attached acknowledgment to me.

Discovery in matter of United States v. Matthew DeHart                                      Page 3

Sincerely,

JERRY E. MARTIN
United States Attorney

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870

Enclosure

cc: Det. Brett Kniss, Franklin Police Department