To the Honorable Judge Trauger,

Your Honor, it is with the greatest respect for the Court and its procedures that I write this. Given the fact that I've been accused of being reckless, I've held off sending this for more than a month. I do realize motions submitted by a defendant directly are highly unusual and most likely obnoxious. If there were any other way to introduce what I'm going to say, I would have gladly chosen it. There is a specific fact which has not been communicated to the Court despite my family's continued efforts to convince my counsel and assurances that it would be introduced. If I believed it would be introduced, I would not be writing this letter.

The fact is that the United States Government through the <u>Treaty between the Government of Canada and the Government of the United States of America on Mutual Legal assistance in Criminal Matters</u> informed the Canadian government that it required assistance investigating the Tennessee investigation as it's rationale for seizing all of my Canadian computers (see Exhibit #7). This happened the same day that the FBI obtained its consent-to-search form from me (August 19, 2010). Even if I am ruled to have had my faculties, which I dispute, the form only authorizes the seizure of the Acer netbook. It specifically states that I deny consent to seize the other two computers (Toshiba Laptop, and the Tower PC). Not only has the Tennessee prosecution initially argued that these Canadian computers were irrelevant, it has informed the defense that it could not obtain forensic reports from them even if they existed.

Your Honor, I wish I could express how insanely frustrating this is. It's completely reasonable and expected to assume that a person accused of crimes yet not arrested following a search warrant would have compiled at least some sort of defensive information. I saved what I thought was necessary to disprove the accusations made in January 2010 on computers I purchased following the search warrant. According to the prosecution, it is unaware of any other search warrants after the initial Indiana warrant. This would seem to make the seizure of at least

two computers illegal. What's more ridiculous is that the treaty requires the government to inform Canada of the specific reasons for its request.

Article VI of the treaty states this:

3. A request shall contain such information as the Requested State requires to execute the request, including

a) the name of the competent authority conducting the investigation or proceeding to which the request relates;

b) the subject matter and nature of the investigation or proceeding to which the request relates;

c) a description of the evidence, information or other assistance sought;

d) the purpose for which the evidence, information or other assistance is sought, and any time limitations relevant thereto; and

e) requirements for confidentiality.

It also states that:

2. Requests shall be made in writing where compulsory process is required in the Requested State or where otherwise required by the Requested State. In urgent circumstances, such requests may be made orally, but shall be confirmed in writing forthwith.

As the court is aware, the prosecution has continued to maintain that my interrogations had nothing to do with the Tennessee investigation and were strictly concerned with the national security issue. I would ask the Court to forgive me if I am being blunt but it appears as if the DOJ has been dishonest with a foreign government. If this is not the case, and these computers were taken solely for the Tennessee investigation, the government has deceived the defense and the Court.

Your Honor, if the written request from the DOJ specifically cited the Tennessee case in its MLAT request and obtained the computers under this pretense, I am well aware of why the prosecution would not wish to introduce this fact. I cannot understand, however, the purpose of my counsel's refusal.

I realize that in writing this I will probably be skewered from all sides. If that's the case, I would like to further explain my reasoning because this may be my only opportunity.

I have been working with and through my current attorney Mark C. Scruggs since February of 2012. Mr. Scruggs has been instrumental in moving the government to providing some discovery, arguing for a reevaluation of detention, and writing motions for suppression and dismissal.

Without explanation our relationship changed just prior to the Discovery Hearing in June 2012. At the conclusion of that hearing I was expecting my attorney to request that the government be compelled to produce the outstanding discovery. However, without prior consultation, my defense counsel stated to the Court that we had everything we needed which ended production of any other outstanding discovery. Of note still outstanding were: chain of custody documentation of items seized during the search of my residence in Indiana, reports/logs from all facilities where I was detained and interrogated, and access to all evidence seized in Canada which has exculpatory data critical to my defense.

I didn't request these items to make some specious and academic technical argument or to delay my case. (Actually, I have insisted on trial from the initial trial date. Every delay has been against my will). I requested this information so I could 1.) assist in my defense, 2.) show that I was interrogated more than the three times admitted by the government and in bad faith, and 3.) determine whether or not my property seized in Indiana was sent to Washington D.C. prior to Det. Kniss' analysis.

I am thankful that my defense counsel submitted both a Motion to Suppress and a Motion to Dismiss on my behalf, but there are several exhibits I wished to submit supplemental to the Motion to Dismiss which my counsel said he would submit but did not. Some of these exhibits are referenced in the motions themselves. One specifically shows that Det. Kniss had an evidence folder labeled "evidence" in discovery which contained screen shots of Wikileaks. The section of his report states that it is of "evidentiary value". That certainly wouldn't be of evidentiary value in a CP case given that Wikileaks has nothing to do with CP.

I have attached a copy of a Supplement to the Motion to Suppress as well as a Supplement to the Motion to Dismiss which my family helped me produce/type. My defense counsel assured me that he would submit additional responses to the court once the prosecution had responded on the 23rd of October. Unfortunately, he has not and it is my belief that he will not. Again, I have no desire to alienate my defense counsel but feel I have no choice but to bring these to the Court's attention myself. In less than two months I will be facing a trial at which if convicted I could likely spend the rest of my life behind bars especially considering the Supreme Court's recent ruling on Civil commitment. As I said, all I have ever asked for from any of my defense counsel is to inform the Court of *all* the circumstances which have bearing on my case.

This reluctance shown on the part of my defense counsel so close to my trial date is puzzling and disconcerting. In addition to this, my confidence in the objectivity of the defense's computer forensic expert has been shaken. As Your Honor may recall Mr. KampVanEe was questioned very extensively by the prosecution on April 20, 2012 (See hearing transcripts). Specifically, the prosecution questioned his professional credentials as well as whether he *should* be representing the defense since he also does forensic work for the government in prosecutions (Transcript page 55 line 17 through page 60 line 7).

What Your Honor is unaware of is that just after this hearing, my attorney Mr. Scruggs was informed by the owner of the company Mr. Kempvanee works for, LogicForce, that they would be dropping the defense of my case and would no longer do forensic work on "these kinds" of cases (CP). Mr. Scruggs and my family had to implore the company to reconsider (See Exhibit #8). They did reconsider but as far I as am aware mine will be the last CP case LogicForce defends. I have had reason to doubt Mr. KampVanEe's objectivity and dedication to my defense since then. My doubts were heightened when he noted in an email to Mr. Scruggs and my father that Det. Kniss told him files had been dragged to an external hard drive in the case against me *after my arrest* (See exhibit #9). This confirmed what I had been saying to my defense counsel that data attributed to me came from online servers *after* my arrest. However,

when pressed about this issue, Mr. KempVanEe said he had misspoken. Furthermore, Mr. KempVanEe ended up signing an agreement with the government to look at evidence which addresses almost none of my concerns. I also fail to see why the prosecution in this agreement, which I did not have a chance to review, finds it necessary to threaten my defense expert (who is a police officer) with CP charges regardless of whether or not it's a mistake.

Your Honor, there has been nothing "typical" about my case. The actions of the government are unprecedented and therefore it has been hard to appeal to any previous cases which have bearing. I have been threatened with prosecution in three different federal districts, told by previous defense counsel that I would be bounced between multiple districts (effectively removing me from the support of my family), and kept in 23-hour lock down in a local jail for nearly two years. All of these produced a tremendous coercive pressure on me to plea to charges in TN of which I am not guilty. Worse still, lurking in the background of this entire situation has been the national security investigation. It is an investigation during which I was tortured leading to a psychotic break and current PTSD. I have been threatened with prosecution on national security charges in DC if no other district convicts me on CP charges (See exhibit #10).

I have no way to defend myself when evidence which I could have used to do so was not preserved by the government, hidden from me as in the case of my medical records, or outright destroyed as in the case of my email accounts. This has happened as the government has felt it necessary to continue using CP as a pretext to further the national security investigation. I can't effectively challenge the CP charges now, let alone any potential national security charges.

I was raised in a military family and have spent most of my childhood around other military families and their kids. I was always patriotic and I believed that we live in a society that values liberty and law. I had the opportunity to "defect" had I provided certain information to the Russians. I did not do this when I could have. I chose to return to the U.S. Believing I could defend myself if I had to. I did not have to return. My family and I are very disappointed in the

way things have proceeded, and most of the recent communication between my defense counsel and the government has occurred without consulting me or my family. This would include the recently agreed time extensions (not that I wouldn't have agreed, just that I was not consulted).

And I would like the Court to know that I was not a participant in Anonymous to make money or to get attention. Like many, I feel strongly that this type of protest will be the only way for speech to remain free in a surveillance state. I do not hesitate to take responsibility for my actions, but it's immoral and unfair to intimidate someone into false confessions and pleas. I have only ever wanted a chance to honestly defend myself and I have not had that chance.

I am respectfully requesting that the Supplement to the Motion to Suppress and the Supplement to the Motion to Dismiss be submitted to the Court for consideration along with the two underlying motions. I do this with the full expectation that the upcoming hearing will be particularly difficult. Again, please forgive my breach of protocol. I do not write expecting partiality.

Most respectfully,

Matthew P. DeHart