UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:10-cr-00250 |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| MATTHEW PAUL DEHART | ) | |
| | ) | |

## AGREED PROTECTIVE ORDER PURSUANT TO 18 U.S.C. § 3509 FOR VIEWING CHILD PORNOGRAPHY AND OTHER COMPUTER HARD DRIVES AND MEDIA

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, and defendant Matthew Paul DeHart, by and through his attorney, Mark C. Scruggs, hereby agree to the following:

1. Pursuant to 18 U.S.C. § 3509(m), courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m).

2. For the purpose of this agreed order, the term "defense team" refers solely to counsel for defendant, individuals employed by defense counsel who are assisting with the preparation of the defense; any expert(s) retained on behalf of defendant to assist in the defense of this matter; and any investigator(s) retained on behalf of defendant to assist in the defense of this matter. Defendant and defense counsel represent that the defense team agrees to be bound by the terms and conditions of this stipulation and order.

3. In order to comply with 18 U.S.C. § 3509(m), and to allow defendant the greatest

1

Supplement to Motion to Dismiss – DeHart Exhibit #6
4 pages

opportunity to prepare an effective defense in preparation for trial in this matter, the government will make copies of the seized computers and media reasonably available to the defendant and provide ample opportunity for the defense team to examine it at a government facility in the Middle District of Tennessee. The parties agree that the following conditions will serve the government's interest in protecting against further dissemination of said contraband that would be harmful to the victims, while permitting defense counsel an opportunity to prepare an effective defense for trial. Accordingly, the parties jointly agree as follows:

a. The computer forensic examination of the seized electronic evidence may be conducted in an office at the United States Attorney's Office in the Middle District of Tennessee, which is located in Nashville, Tennessee (hereinafter "USAO"), during regular business hours Monday through Friday from 8:30 a.m. to 5:00 p.m. (CST).

b. The defense team will be provided forensically sound images of the digital media seized in this case, which will be in the same format as used by the government's forensic examiner, for the purpose of conducting this review at the USAO, including as follows: the defendant's Gateway computer (including individual copies of the two hard drives as well as the rebuilt RAID), the defendant's external hard drives, and computer(s) and hard drive(s) of the victim referenced by Count One of the Indictment.

c. The defense forensic examiner may bring in his/her own workstation for the purpose of examining the hard-drive and image media at the USAO. The examiner's computer will not be subject to any type of inspection so long as the

2

examiner directs all exports or temporary data writes from his forensic programs to external media, which will be maintained at the government facility, as described below, until the conclusion of the examination, at which time the external media shall be wiped clean prior to leaving the government facility. In the event that the media cannot be wiped clean, it shall be destroyed. The wiping or destruction of this device shall will be done in the presence of the defense examiner or his designee.

d.     The integrity of the image(s) and any work product stored by defense expert during a multi-day examination, will be verified by the use of a container sealed with tamper-evident evidence tape, and stored in the government facility in a locked or restricted location. Additionally, the defense expert may use encryption software to ensure protection of work product. This procedure is meant to ensure that any temporary data, including child pornography images, created as part of the examination will not leave the government facility.

e.     The defense team shall not remove any contraband images or videos from the government facility. Defense examiner will be allowed to copy any file that is not contraband and compile a report (without contraband images/videos) documenting the examination on removable media.

f.     Should the defense examiner wish to remove any such evidentiary files from the government facility, the examiner shall place those files on one piece of external media that will be subject to governmental review. The review of this data will be solely for the purposes of ensuring that no child pornography images and/or videos are leaving the facility. This review will be conducted in the presence of

3

Case 3:10-cr-00250    Document 135-6    Filed 11/06/12    Page 3 of 4 PageID #: 798

the examiner by a government official who is not assigned to work the case and has no detailed knowledge of the any of the investigation of the defendant.

g.  The forensic examiner for the defense team agrees not to release any of the victims' personal data to anyone other than the defense counsel in this matter.

4.  The defense forensic examiner understands that failure to abide by this agreement may result in sanctions by the Court and in state or federal criminal charges for possession or dissemination of child pornography.  A copy of this agreement shall be maintained with the digital or computer media at all times.

Agreed to and Consented to by:

_____            _____
S. CARRAN DAUGHTREY                     Date
Assistant United States Attorney

_____            ___8- 15-12___
MARK C. SCRUGGS                         Date
Counsel for Defendant

## ACKNOWLEDGMENT

I have read this Agreement in its entirety and understand all of the contents of this agreement.  I agree to abide by all of the terms set forth herein.

_____
Printed Name

_____            _____
Signature                               Date

4