

**U.S. Department of Justice**

United States Attorney
Middle District of Tennessee

Suite A-961                                    Telephone (615) 736-5151
110 9th Avenue South                                Fax (615) 736-5323
Nashville, Tennessee  37203-3870

June 27, 2012

Mark C. Scruggs
95 White Bridge Road
Cavalier Building, Suite 508
Nashville, TN   37205

      RE:    Response to Request on June 21, 2012

Dear Mr. Scruggs,

I am responding to your email request of June 21, 2012.  Although you sent it on June 21, I was out of town and unable to begin working on my response until I returned.  In your email, you stated as follows: "In preparation for our status hearing on 6-28, I have attached a list of outstanding discovery items that still need to be addressed.  I would appreciate a response to this by next Wednesday (June 27) at the latest." You attached a file that had three sections.  The third section seems to consist of your notes to yourself and appears to be repetitive of the two prior sections.  Given that your request is unclear, I have limited my response to Sections One and Two. Furthermore, I already have provided much of this information or a response when no such evidence exists or is in the possession of the prosecution team.  In those cases, I have so noted in my response below.  If you need additional copies of correspondence or evidence, please advise me, and I will get those to you as soon as possible.

Although the implication from your listings in "Section One" is that the government has been remiss in providing discovery, in truth there is only one item that the government inadvertently failed to provide to you to date, to wit, the two page printout from the hotel that rejected your client's credit card when he attempted to pay for a room. In anticipation of a superseding indictment based on evidence recovered on the now unencrypted hard drive, however, I've now provided you with one additional forensic report.

<u>Section One</u>

1.  JT's LG Voyager cell phone:
      <u>Response</u>:  I believe that I already have told you that the victim's cell phone was returned to him.  I have enclosed a copy of the handwritten notes of Det. Brett Kniss indicating that the phone was returned to the victim on January 9, 2009.  The reason that the phone was not maintained is because it had very little evidence on it.  What evidence was contained on it was displayed and photographed.  Those photographs were provided in discovery on November 22, 2010, in a folder called "text messages."

2. Chain of custody documentation from all items seized from defendant in Indiana:

    Response: I am uncertain what you are looking for with regard to this request. The items seized were located on the back of the search warrant that was provided in the discovery on November 22, 2010. The Warrick County Sheriff's Office has all items except for items 7 (Gateway laptop) and 15 (Maxter external hard drive). We also have a copy of the Western Digital external hard drive (item 11), which had been sent to be decrypted. That hard drive was recently decrypted and returned to the Middle District of Tennessee. Det. Kniss is working on the analysis of this hard drive, and I will provide you with a forensic report when it is complete. Based on the review of that evidence so far, I anticipate that we will be seeking a superseding indictment to include charges involving a second victim from Franklin (PS). Items 7 and 15 and the copy of item 11 are located at the FBI office here in Nashville.

3. Copies of all emails, texts, chat logs, and contacts from both alleged TN victim's cell phones, computers, and external drives, as well as full forensic exam reports:

    Response: The defendant communicated primarily through chats and once by text. Much of this information has been provided already through discovery, and you are welcome to come examine JT's computer hard drives in a government facility. In anticipation of future charges involving PS, however, I do have additional information I wish to provide to you. Specifically, the only electronic evidentiary information for the case involving PS was located on his cell phone and was not particularly significant. A detective conducted a forensic exam and returned the phone to the victim. I have enclosed a copy of the forensic report. I now have provided copies of all completed forensic exams related to the evidence obtained in Indiana and Tennessee.

4. All audio and video recordings from August 6, 2010:

    Response: As you can probably glean from the report provided to you on May 18, 2012, there were no audio or video recordings of the interview on August 6, 2010.

5. Location of all **physical** items seized from Indiana in Jan 2010 including external hard drives and the provision for the defense to perform an examination of all **physical** evidence and **physical** devices seized in accordance with FRCP 16(a)(l)(E) which permits the defendant to inspect "tangible objects" if (iii) the item was obtained from or belongs to the defendant.

    Response: As stated above, all original evidence except for items number 7 and 15 are located in Indiana. Other than those two items, the government only intends to introduce evidence from item 11 (the now unencrypted hard drive). As has been offered on numerous occasions, you are welcome to inspect those items in a government office.

6. Inventory of all items seized at the border in August 2010:

    Response: The inventory of all items seized at the border in August 2010 were provided to you on May 18, 2012. Please let me know if you need another copy of that. The only difference is that all items now are located in the FBI office here in Nashville.

7. Any and all logs from facilities where the Defendant was detained in Maine in August 2010:
   Response: As I stated in my letter to Kim Hodde dated November 22, 2011, I do not have any logs from any of these facilities, as they are irrelevant to the prosecution of this case.

8. Receipt or computer printout from the Fairfield Inn referenced by Det. Anderson:
   Response: I inadvertently forgot to get this information for you, but it is attached to this letter. Please note that although Det. Anderson's report referred to the receipt as being from the Fairfield Inn, I believe that was a clerical error in his report. Your client attempted to use a credit card at a Hyatt Hotel, and when that was rejected, I believe he stayed at the Fairfield Inn.

Section Two

1. Access to and information contained therein from the email account erloesung@gmail.com for which Defendant signed a "consent to assume online identity form" in August 2010 under duress. This account contained exculpatory information including Intelius reports, Ventrilo server logs, and other information relating to TN:
   Response: I am working on getting information about this account, and may have information at the time of the hearing. Since the agents who obtained the defendant's consent to assume this online identity are in another location and one has been reassigned to another division, it is not always easy to obtain such information in a short period of time.

2. Copy of the search warrant allowing the government to search and seize Defendant's belongings at the border in August 2010:
   Response: I have no reason to believe that there was a search warrant sought, obtained, or executed at the time that the defendant crossed the border from Canada to the United States on or about August 6, 2010. As you know, the government does not intend to use any of the evidence found in Canada or on defendant's person in Maine.

3. Copy of the search warrant, US and Canadian, allowing the search of Defendant's apartment in Charlottetown, (Prince Edward Island) PEI, Canada in August 2010:
   Response: I have no reason to believe that there was a search warrant sought, obtained, or executed at the time that the defendant crossed the border from Canada to the United States on or about August 6, 2010. As you know, the government does not intend to use any of the evidence found in Canada or on defendant's person in Maine.

4. Authority for Det. Kniss to search anything seized from Canada or at the border:
   Response: In order to get access to the evidence in Canada that you requested, we submitted an MLAT to the Canadian government, who granted our request. Since the government is prohibited pursuant to 18 U.S.C. § 3509(m) to release any child pornography, Det. Kniss reviewed the evidence from Canada and Maine to determine whether it contained any contraband. As you know, the government does not intend to use any of this evidence in its case in chief, although you should know that you client

Case 3:10-cr-00250   Document 136-9   Filed 11/06/12   Page 3 of 5 PageID #: 858

continued to solicit child pornography from a victim in Maryland after the search warrant was executed at his home on January 25, 2010. I have no reason to believe that there was a search warrant sought, obtained, or executed at the time that the defendant crossed the border from Canada to the United States on or about August 6, 2010. As you know, the government does not intend to use any of the evidence found in Canada or on defendant's person in Maine.

5. All medical records pertaining to the Defendant from any facility where he was detained under US government control or contract during August 2010 including but not limited to: the border station at Calais, ME, an unnamed detention facility near Calais, ME; Penobscot County Jail, ME; Cumberland County Jail, ME; and Strafford County Jail, NH.
   Response: I do not have any medical records other than those that you also have.

6. The Virgin Canada cell phone taken from the Defendant at the border in Maine in August 2010.
   Response: There was a forensic report performed on this cell phone, which was I believe it was done in Washington. I will get that to you as soon as I get a copy of it. I am not sure where the cell phone is located but have asked.

7. An inventory of all items seized and processed by Canadian authorities in concert with US authorities from the Defendant's residence in Charlottetown, PEI in August 2010.
   Response: I do not have any Canadian inventories nor do I have access to those. I have provided what I do have on May 18, 2012.

8. Chain of custody for all items of Defendant's seized at the border and in his apartment in Canada.
   Response: This chain of custody paperwork is located with the items in FBI evidence, and you are welcome to make copies of those when you come exam the items.

9. Copies of all forensic reports performed by Canadian authorities on the items seized from the Defendant's residence in Canada.
   Response: I am not aware that any forensic reports were created in Canada, nor would I have access to such reports if they did exist.

10. Defendant's wallet and contents taken from him at the border in August 2010.
    Response: Apparently the agents did not seize a wallet, although they did seize the defendant's passport and military identification.

11. The IronKey thumb drive and the Verizon Novatel USB cellular modem taken from the Defendant's residence in Charlottetown, PEI in August 2010.
    Response: As far as I know, there was no thumb drive or modem obtained from the defendant's residence. I do believe, however, that he requested that this landlord dispose of all of his belongings.

12. Timeline from Det Kniss regarding his investigation of the Defendant prior to Jan 25th 2010. (Already requested by the Court).

> Response:  I believe the court wanted to know of the timeline of Det. Kniss's review of the electronic evidence prior to the defendant's arrest.  As related to you verbally, Det. Kniss received a copy of the laptop in July of 2010 and had begun his forensic analysis prior to that.  The laptop was not encrypted, Det. Kniss never used any passwords from the investigation in Maine, and he did not receive any of that information until long after he examined the evidence from Indiana.  He will testify to this at the hearing.

13. Forensic copies of all hard drives belonging to JT.

> Response:  I will get back with you on this issue.

Please feel free to contact me at 615-401-6583 or by email at Carrie.Daughtrey@usdoj.gov if you have any questions or wish to discuss anything in this letter in more detail.

Sincerely,

JERRY E. MARTIN
United States Attorney

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
615-736-5151

Enclosures:
    Forensic Report of Cell Phone of PS
    Hotel Record