# EXHIBIT A

# HODDE & ASSOCIATES

ATTORNEYS AT LAW

40 MUSIC SQUARE EAST

NASHVILLE, TENNESSEE 37203-4323

BILL HODDE

KIMBERLY S. HODDE

TELLEPHONE 615.242.4200

FACSIMILE 615.242.8115

July 25, 2011

S. Carran Daughtrey                              **VIA U.S. MAIL & FACSIMILE (736-5323)**
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203-3870

RE:   **United States of America v. Matthew DeHart**
       **MDTN Case No. 3:10-00250; (Judge Trauger)**

Dear Ms. Daughtrey:

I retained the services of Fred Lane, a forensic computer examiner, to assist me in better understanding the computer evidence in this case. Mr. Lane has consulted in other pending computer-based cases in the Middle District of Tennessee and elsewhere. I am writing in part to request that Mr. Lane be permitted access to computer evidence seized and relied upon by the government in the prosecution of this case. Specifically, I am requesting that the following items be made available to Mr. Lane so that he can conduct an independent forensic examination for the defense:

A)   All computer and electronic evidence (specifically the Gateway laptop) attributed to Defendant DeHart and seized during the execution of the January 25, 2010 search warrant of Defendant DeHart's home in Indiana; and,

B)   All cell phones, computers and mass storage devices owned or used by Pasha Surbaugh or James Tamburello that were seized, imaged and/or downloaded by law enforcement.

Mr. Lane will be in the Southern District of New York for the next three (3) months, and if possible, we would like for him to conduct his forensic analysis of the above items at an appropriate location in that District. Please let me know what I can do to assist you in making those arrangements.

Further, to assist with my understanding of the proof and to guide the defense's computer and electronic examination, I request that you provide:

1)   All forensic reports relating to computer examinations of evidence attributed to Defendant DeHart that were prepared by Detective Kniss or any other forensic examiner or agency including, but not limited to, the FBI, TBI, Evansville Police,

Vanderburgh County (Indiana) Sheriff's Department, Warrick County (Indiana) Police or Sheriff's Department, Franklin (Tennessee) Police or Sheriff's Department, and any Maryland law enforcement agency;

2) All reports (forensic or otherwise) relating to the downloading and processing of James Tamburello and/or Pasha Surbaugh's cellular telephones, mass storage devices, email accounts, and computer hard drives; and,

3) All reports (forensic or otherwise) relating to the downloading and processing of cellular telephones, mass storage devices, email accounts, and/or computer hard drives collected from or attributed to any other alleged victim in Tennessee, Indiana or Maryland.

In addition, I request an opportunity to inspect all of the items seized during the course of the search warrant execution. Please let me know when and where those items will be available for inspection.

Finally, I am writing to request supplemental discovery. After a complete review of the paper and electronic discovery provided to Defendant DeHart's prior counsel, I believe that there are several missing items of critical importance to my assessment of whether certain pretrial motions need to be litigated. Therefore, I respectfully request that the following items be produced at your earliest convenience:

(...continued from above)

4) Documentation showing chain of custody for all items seized during the execution of the search warrant;

5) Inventory of items seized from Defendant DeHart's person at the time he was stopped at the Canada/U.S. border in Calais, Maine on August 5 or 6, 2010;

6) Reports prepared by U.S. Customs, the FBI and any other law enforcement agency relating to the U.S./Canada boarder stop and detention of Defendant DeHart (including the impetus for the stop);

7) Video and/or audio recordings of Defendant DeHart's stop, detention and questioning at the U.S./Canada border in Calais, Maine on August 5 or 6, 2010;

8) Documentation, reports and audio or video recordings relating to Defendant DeHart's transportation, housing and questioning from the time he was arrested during the border stop in Calais, Maine to the time he was delivered to the Penobscot County Jail in Bangor, Maine;

9) Inventory of items seized from Defendant DeHart's person or logged in as his property at the Penobscot County Jail in Bangor, Maine on August 6, 2010;

10) Visitation logs, sign-in sheets and any other documentation tracking inmate visitation and entrance and exit from the Penobscot County jail between August 6, 2010 and August 11, 2010;

11) Reports of interviews of Defendant DeHart conducted by (perhaps local) FBI agents at the Penobscot County Jail on August 6 & 7, 2010;

12) Visitation logs, sign-in sheets and any other documentation tracking inmate visitation and entrance and exit from the pretrial detention facility in Portland, Maine between August 6, 2010 and August 11, 2010;

13) Reports of interviews of Defendant DeHart conducted by FBI SA Krametbauer and other FBI agents both in Portland, Maine and at the Penobscot County Jail between August 8, 2010 and August 11, 2010;

14) Reports and color copies of photo arrays relating to any identifications made by James Tamburello and Pasha Surbaugh. There is conflicting information in the discovery regarding which child was asked to identify Defendant DeHart and the number of times each child made identifications or was unable to make identifications;

15) Copies of non-CP photographs and all emails, text messages, chats and contacts housed both on Pasha Surbaugh and James Tamburello's cell phones and computers;

16) Copies of the "forensic interviews" of Pasha Surbaugh and James Tamburello referenced in discovery;

17) The receipt from the Fairfield Inn referenced in Detective Anderson's undated synopsis; and,

18) Copies of the subpoena returns and/or information voluntarily provided by internet, email or other service providers showing IP address associations or attributions to Defendant DeHart.

I realize that this investigation involves multiple law enforcement agencies, most of which are not in this District, and that the task of gathering all discoverable materials must be daunting. I greatly appreciate your efforts in this regard.

As always, I look forward to working together to make progress in this case. Please call or email me to coordinate the independent forensic examination and to discuss any questions you may have about these requests.

Sincerely,

Kimberly S. Hodde

xc: Matt DeHart