UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
TENNESSEE NASHVILLE
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:10-cr-00250 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| MATTHEW PAUL DEHART ) | |

PLEA AGREEMENT

The United States of America, through David Rivera, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorneys Lynne T. Ingram and Jimmie Lynn Ramsaur, and defendant, Matthew Paul Dehart, through defendant's counsel, Frederic B. Jennings and Tor Ekeland, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges in This Case

1.  Defendant acknowledges that he has been charged in the superseding information in this case in Counts One and Two with receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A); in Count Three with failure to appear, in violation of Title 18, United States Code, Section 3146(a)(1); and a forfeiture allegation.

2.  Defendant has read the charges against him contained in the superseding information, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

1

## Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the superseding information, charging receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); and Count Three of the superseding information, charging failure to appear In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties: Counts One and Two: a mandatory minimum of five years imprisonment and a maximum of twenty years imprisonment, a $250,000 fine, and a $100 special assessment. Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than five to a maximum of life, notwithstanding 18 U.S.C. § 3583(b); Count Three: a maximum of ten years imprisonment, a $250,000 fine, and a $100 special assessment, the authorized term of release is not more than three years. Defendant further understands that the Court may order restitution to the victims of the offense. Defendant also understands that as a result of his offense, he is subject to forfeiture of property as alleged in the indictment.

## Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:10-cr-00250.

6. Defendant understands that by pleading guilty he surrenders certain trial

2

rights, including the following:

    a.    If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

    b.    If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

    c.    If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

    d.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e.    At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn

3

from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One, Two, and Three of the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

In approximately 2006 or early 2007, Defendant Matthew Paul Dehart, then age 21, who resided in Indiana met two boys (Victims 1 and 2) from Franklin, Tennessee online while playing the game World of Warcraft. As of December 2007 Victim 2, a sixteen year old boy, was in regular contact with Dehart, and as of the summer of 2008 Victim 1, a fourteen year old boy, was in regular contact with Dehart. Dehart represented himself online as a seventeen year old son of a mafia family and also as two minor teenage females while communicating with the victims. Dehart encouraged both victims to take sexually explicit images and videos of themselves and send them to the alleged teenage girls at email addresses provided by Dehart. Sometime between May and December of 2008, Victim 1 complied with this request. One of the alleged girls also sent a sexually explicit video of child pornography to Victim 1 in or about January 2008. Sometime between December 2007 and May 2008, Victim 2 also complied with Dehart's request. Until 2009 when Dehart was 24, he continued to communicate with both victims, and even traveled to Franklin, Tennessee and visited Victim 2 on at least one occasion.

### Count One: Receipt of Child Pornography

Dehart requested fourteen year old Victim 1 to create and send images/videos of himself masturbating. A forensic analysis of the computers and electronic media seized from Dehart revealed at least seven sexually explicit images of Victim 1 that were found on Dehart's laptop and external hard drive, along with sexually explicit chats that show Dehart knowingly received these images. Victim 1 sent the images from Tennessee to Dehart in Indiana through the use of a computer. The time range is May 2008 through December 2008, shortly before the investigation began.

### Count Two: Receipt of Child Pornography

Victim 2 was originally forensically interviewed on January 7, 2009, at the Williamson County Child Advocacy Center. Victim 2 explained that after developing a friendship with Dehart, he had asked Dehart for a laptop for his birthday. Dehart asked for a "dick pic" from Victim 2. Victim 2 took a picture of his penis with his cell phone and sent it to Dehart [*handwritten insertion: from Tennessee to Indiana*]. Dehart requested more pictures from Victim 2, but Victim 2 sent Dehart more images of a penis that he found on the computer. The forensics indicates date ranges for the images of child pornography to be from December 10, 2007 to May 2008. A forensic analysis of computers and electronic media seized from Dehart pursuant to a search warrant revealed sexually explicit images of Victim 2 located on defendant's hard drives.

### Count Three: Failure to Appear

Dehart was charged in an indictment in this case on October 6, 2010 with one count of production of child pornography in violation of Title 18, United States Code, Sections 2251(a) and 2251(d) and one count of transportation of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b)(1). A conviction of these offenses carried penalties of fifteen to thirty years and five years to twenty years, respectively.

This Court released defendant pending trial on May 22, 2012. Defendant was subject to the standard conditions of release and special conditions which this Court attached to the order releasing him. Defendant was required to appear before the Court on April 4, 2013 at 10:00 a.m. for a status conference and detention review hearing. Defendant failed to appear at that time and it was later determined that Dehart had fled to Canada. Judge Trauger issued a bench warrant for defendant's arrest. Defendant was eventually arrested at the United States-Canadian border upon Canada's rejection of defendant's asylum request and order of removal to the United States.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2014.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

    a. Offense Level Calculations.

        i. The base offense level for Counts One and Two of the Superseding Information is 32, pursuant to U.S.S.G. § 2G2.1(a). The base offense level

6

for Count Three is 15. Pursuant to U.S.S.G. § 3D1.4, the combined offense level for all three counts of conviction is 34.

ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

iii. The final adjusted offense level is 31.

b. Criminal History Category. The parties agree that defendant is a Criminal History Category I.

### Agreements Relating to Sentencing

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of 90 months in the custody of the Bureau of Prisons followed by 10 years of Supervised Release. This sentence is to be imposed as follows: a sentence of 72 months imprisonment on Counts One and Two to be served concurrently with each other and a sentence of 18 months imprisonment on Count Three to be served consecutively to the sentences in Counts One and Two. Other than the agreed term of incarceration and Supervised Release, the parties have agreed that the Court remains free to

impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration and Supervised Release set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration and Supervised Release, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

13. Defendant understands and agrees that:

a. Pursuant to Title 18, United States Code, Section 3583(k), he is subject to supervised release for a minimum of five years up to life. In this case, defendant agrees to serve 10 years of supervised release after his incarceration.

b. He will submit to sex offender evaluation and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

c. He will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, in compliance with Title 18, United States Code 2250(a).

14. Defendant agrees to pay the special assessment of $300 at or before the time of sentencing to the Clerk of the U.S. District Court.

## Forfeiture or Abandonment of Property

15.     Defendant has subjected certain personal property to forfeiture, namely a Western Digital 80 GB External Hard Disk Drive, SN 57442D5743414D39; HP IPAQ PDA and PNY 512 MB Flash Drive, SN 058f00016378; Maxtor BlackArmor 320 GB External Hard Disk Drive, SN 2HC037S7; Gateway FX laptop, Seagate 160 GB Hard Disk Drive, SN 5NK0HKR5 (Disk 1 of 2); Gateway FX laptop, Seagate 160 GB Hard Disk Drive, SN 5NK0G5VV (Disk 2of 2); Motorola Droid, SJUG5546AC, IMSI 3100045514270578; seized from defendant's residence on January 25, 2010, (hereinafter collectively referred to as the "Subject Property") pursuant to 18 U.S.C. § 2253, because the Subject Property was used or intended to be used to commit or to promote the commission of the offenses set forth in Counts One and Two of the superseding information. By entry of a guilty plea to the indictment, defendant acknowledges that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 2253.

16.     Defendant agrees to the entry of a forfeiture judgment against the Subject Property identified above. Prior to sentencing, defendant agrees that he will not contest any preliminary order of forfeiture and further agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described Subject Property and further agrees to the seizure of the Subject Property so that the Subject Pproperty may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the Subject Property that is subject to forfeiture.

17.     Defendant understands that forfeiture of the Subject Property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

18. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

**10**
Case 3:10-cr-00250   Document 285   Filed 11/13/15   Page 10 of 14 PageID #: 1435

### Entry of Guilty Plea

21. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

### Waiver of Appellate Rights

22. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence imposed consistent with this plea agreement. Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence imposed consistent with this plea agreement.

### Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing

financial statements and supporting records as requested by the United States Attorney's Office.

24. The United States agrees not to seek additional criminal charges in the Middle District of Tennessee against defendant for the events between December 2007 and December 2008, which occurred in the Middle District of Tennessee and which are described above in this plea agreement statement of facts. However, nothing in this Plea Agreement limits the United States in the prosecution of defendant in other districts or for crimes not disclosed in this plea agreement statement of facts, except as expressly set forth in this Plea Agreement.

25. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

26. Defendant understands that the superseding information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

28. Defendant and his attorney acknowledge that no threats have been made to

cause defendant to plead guilty.

29. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

30. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11/12/15

Matthew Paul Dehart
Defendant

31. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11/12/2015

Frederic B. Jennings
Tor Ekeland
Attorneys for Defendant

Respectfully submitted,

DAVID RIVERA
United States Attorney

*signature*
Lynne T. Ingram
Assistant U.S. Attorney

*signature*
Jimmie Lynn Ramsaur
Criminal Chief